1  David J. McGlothlin, Esq. (SBN 026059)
   david@southwestlitigation.com
2  **Hyde & Swigart**
   2633 E. Indian School Road, Ste. 460
3  Phoenix, AZ 85016
   Telephone: (602) 265-3332
4  Facsimile:  (602) 230-4482

5  Ryan L. McBride, Esq. (SBN 032001)
   ryan@kazlg.com
6  **Kazerouni Law Group, APC**
   2633 E. Indian School Road, Ste. 460
7  Phoenix, AZ 85016
   Telephone: (800) 400-6808
8  Facsimile:  (800) 520-5523

9  *Attorneys for Plaintiff*

10

11              **UNITED STATES DISTRICT COURT**
                   **DISTRICT OF ARIZONA**

12

13 **Leonard Joel Ceder,**                )  Case No.:
                                          )
14                                        )
         Plaintiff,                       )  **COMPLAINT FOR DAMAGES**
15                                        )  **PURSUANT TO THE FAIR CREDIT**
                                          )  **REPORTING ACT, 15 U.S.C. § 1681,**
16         v.                             )  **ET SEQ.**
                                          )
17 **Equifax Information Services,**      )
   **LLC, Barclays Bank Delaware,**       )
18 **Capital One Bank USA, N.A., and**    )  **JURY TRIAL DEMANDED**
   **Chase Bank USA, N.A.,**              )
19                                        )
                                          )
20         Defendants.                    )
                                          )
21                                        )
                                          )
22                                        )

23                        **INTRODUCTION**

24
25  1. The United States Congress has found the banking system is dependent upon

26     fair and accurate credit reporting.  Inaccurate credit reports directly impair

27     the efficiency of the banking system, and unfair credit reporting methods

28     undermine  the  public  confidence,  which  is  essential  to  the  continued

---
**COMPLAINT**                    1

functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. LEONARD JOEL CEDER ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), BARCLAYS BANK DELAWARE ("Barclays"), CAPITAL ONE BANK USA, N.A. ("Capital One"), and CHASE BANK USA, N.A. ("Chase") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint

includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Equifax is a foreign limited liability company doing business in the State of Arizona.

13. Defendant Barclays is a bank doing business in the State of Arizona.

14. Defendant Capital One is a National Bank doing business in the State of Arizona.

15. Defendant Chase is a bank doing business in the State of Arizona.

16. Defendants Barclays, Capital One, and Chase are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary

course of business furnish information to a consumer credit reporting agency.

17. Defendant Equifax is a national credit reporting agency, doing business in Arizona, with a principal place of business in Georgia.

### GENERAL ALLEGATIONS

18. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

19. At all times relevant, Defendants conducted business in the State of Arizona.

20. On or about October 16, 2014, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Arizona. Plaintiff's case was assigned Case Number 2:14-bk-15638-EPB (the "Bankruptcy").

21. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

22. On or about January 23, 2015, Plaintiff received a Bankruptcy discharge.

23. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

24. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

25. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

26. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

27. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

28. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

### Barclays Misreported Credit Information

29. In an Equifax credit report dated May 6, 2015, Barclays reported the following inaccurate, derogatory information:

- Account No. 11511525****:  Post-bankruptcy information for the following dates: December 2014 (Date Major Delinquency First Reported).

30. Barclays should not have reported derogatory information on Plaintiff's account after October 16, 2014, because Plaintiff filed for Bankruptcy on October 16, 2014.

31. On or about May 29, 2015, Plaintiff disputed Barclays' reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Barclays.

32. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 10/16/2014 and discharged 01/23/2015, bearing case No. 2:14-bk-15638-EPB in the District for Arizona.  The balance on this account should be "$0" and the status should be reporting as "current".  Specifically, you show the Date Major Delinquency First Reported as 12/2014.

33. The Equifax Dispute Letter further requested that Equifax:

34.

- Immediately delete this account and the disputed derogatory information from my credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/16/2014, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

35. Upon information and belief, Equifax timely notified Barclays of Plaintiff's dispute, but Barclays continued reporting derogatory information.

36. Barclays and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

37. On or about June 16, 2015, Plaintiff received notification from Equifax that Barclays and Equifax received notice of Plaintiff's dispute pursuant to 15

U.SC. § 1681i(a)(6), and Defendants stated the account "does not report any late payments."

38. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Barclays and Equifax simply left derogatory information on Plaintiff's report.   Specifically, Barclays and Equifax reported the following inaccurate, derogatory information:

- Account #11511525****: Post-bankruptcy information for the following dates: December 2014 (Date Major Delinquency First Reported).

39. Barclays and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

40. Barclays and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

41. Due to Barclays and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

42. Plaintiff's continued efforts to correct Barclays and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Barclays and Equifax were fruitless.

43. Barclays and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

44. Barclays and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

45. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Barclays and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## Capital One Misreported Credit Information

46. In an Equifax credit report dated May 6, 2015, Capital One reported the following inaccurate, derogatory information:

- Account #549110001039****: Post-bankruptcy information for the following dates: December 2014 (Date Major Delinquency First Reported).

- Account #426932000227****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

- Account #412174831066****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

- Account #486236250038****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

47. Capital One should not have reported derogatory information on Plaintiff's account after October 16, 2014, because Plaintiff filed for Bankruptcy on October 16, 2014.

48. On or about May 29, 2015, Plaintiff disputed Capital One's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Capital One.

49. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- These accounts were discharged in my Bankruptcy which was filed on 10/16/2014 and discharged 01/23/2015, bearing case No. 2:14-bk-15638-EPB in the District for Arizona. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, for account number 549110001039****, you show the Date Major Delinquency First Reported as 12/2014. For account numbers 426932000227****, 412174831066****, and 486236250038**** you show the Date Major Delinquency First Reported as 11/2014. Both of these dates are after I filed for Bankruptcy on 10/16/2014.

50. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/16/2014, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

51. Upon information and belief, Equifax timely notified Capital One of Plaintiff's dispute, but Capital One continued reporting derogatory information.

52. Capital One and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

53. On or about June 16, 2015, Plaintiff received notification from Equifax that Capital One and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "does not report any late payments."

54. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Capital One and Equifax simply left derogatory information on Plaintiff's report.  Specifically, Capital One and Equifax reported the following inaccurate, derogatory information:

- Account #549110001039****: Post-bankruptcy information for the following dates: December 2014 (Date Major Delinquency First Reported).

- Account #426932000227****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

- Account #412174831066****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).
- Account #486236250038****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

55. Capital One and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

56. Capital One and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

57. Due to Capital One and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

58. Plaintiff's continued efforts to correct Capital One and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Capital One and Equifax were fruitless.

59. Capital One and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

60. Capital One and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

61. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Capital One and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## Chase Misreported Credit Information

62. In an Equifax credit report dated May 6, 2015, Chase reported the following inaccurate, derogatory information:

- Account #541657282344****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).
- Account #464018206354****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

63. Chase should not have reported derogatory information on Plaintiff's account after October 16, 2014, because Plaintiff filed for Bankruptcy on October 16, 2014.

64. On or about May 29, 2015, Plaintiff disputed Chase's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Chase.

65. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- These accounts were discharged in my Bankruptcy which was filed on 10/16/2014 and discharged 01/23/2015, bearing case No. 2:14-bk-15638-EPB in the District for Arizona. The balance on these accounts should be "$0" and the status should be reporting as "current". Specifically, for account numbers 541657282344**** and 464018206354****, you show the

Date Major Delinquency First Reported as 11/2014.   This is after I filed for Bankruptcy on 10/16/2014.

66. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/16/2014, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

67. Upon information and belief, Equifax timely notified Chase of Plaintiff's dispute, but Chase continued reporting derogatory information.

68. Chase and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

69. On or about June 16, 2015, Plaintiff received notification from Equifax that Chase and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the accounts do "not report any late payments."

70. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Chase and Equifax simply left derogatory information on Plaintiff's report.  Specifically, Chase and Equifax reported the following inaccurate, derogatory information:

- Account #541657282344****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).
- Account #464018206354****: Post-bankruptcy information for the following dates: November 2014 (Date Major Delinquency First Reported).

71. Chase and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

72. Chase and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

73. Due to Chase and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

74. Plaintiff's continued efforts to correct Chase and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Chase and Equifax were fruitless.

75. Chase and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

76. Chase and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

77. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Chase and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

80. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

81. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681 ET SEQ. (FCRA)**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

82. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 21, 2015                                  Respectfully submitted,


                                                       BY: /s/ RYAN L. MCBRIDE
                                                       RYAN L. MCBRIDE, ESQ.
                                                       ATTORNEY FOR PLAINTIFF